UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| TINA ZAI, et al., | CASE NO. 1:23CV2006 |
| Plaintiffs, | JUDGE JOHN ADAMS |
| v. | |
| NATIONAL CREDIT UNION ADMINISTRATION BOARD, acting in its capacity as liquidating agent for St. Paul Croatian Federal Credit Union, | **MEMORANDUM OF OPINION AND ORDER** |
| Defendant. | |

Pending before the Court is a motion to dismiss filed by Defendant National Credit Union Administration Board ("NCUA Board"). Doc. 19. Plaintiffs Tina Zai[1] and Stretford, Ltd. have opposed the motion, and Defendant has replied. Upon review, the motion to dismiss is GRANTED, and this matter is DISMISSED.

**I. Factual Background**

Zai filed a complaint against the NCUA Board alleging that the *Second Amended and Restated Settlement Agreement and Release* ("Second Amended Agreement") wrongfully allowed the NCUA Board, acting in its capacity as the liquidating agent of the St. Paul Croatian Federal Credit Union, to collect settlement amounts in excess of the original agreed upon sum stipulated in the initial *Agreement Between: (1) United States Attorney's Office (USAO)* ("Prior Agreement"). This Prior Agreement was subsequently amended as the Second Amended Agreement in order to allow

---

[1] Zai is both an individual plaintiff and as the trustee of her children's trust. The Court will collectively refer to Plaintiffs as Zai for convenience.

the NCUA Board to extend certain non-interest-bearing loans back to the Cleveland International Fund ("CIF") so that CIF could maintain operations following the initial criminal case, Case No. 1:12-CR-00071. In the current matter, the NCUA Board has filed a motion to dismiss Plaintiff's claim pursuant to Fed. R. Civ. P. 12(b)(6) and on the basis of the sole remedy provision of 12 C.F.R. pt. 709.

Given the Court's resolution of this motion to dismiss, it declines to give an in-depth factual background that includes the criminal acts of Eddy Zai that ultimately led to the negotiations and agreements detailed above. However, for clarity, the Court notes that Eddy Zai and others defrauded St. Paul Croatian Federal Credit Union to such an extent that the NCUA had to become a liquidating agent due to its insolvency. As the Government sought to allow a business run by Eddy Zai to continue to assist in repaying his restitution, the agreements above were negotiated and signed.

## II. Standard

The Sixth Circuit stated the standard for reviewing a motion to dismiss in *Assn. of Cleveland Fire Fighters v. Cleveland*, 502 F.3d 545 (6th Cir. 2007) as follows:

> The Supreme Court has recently clarified the law with respect to what a plaintiff must plead in order to survive a Rule 12(b)(6) motion. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The Court stated that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 1964-65 (citations and quotation marks omitted). Additionally, the Court emphasized that even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id*. (internal citation and quotation marks omitted). In so holding, the Court disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (recognizing "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"), characterizing that rule as one "best forgotten as an incomplete, negative gloss on an accepted pleading standard." *Twombly*, 550 U.S. at 563.

*Id*. at 548. Instead, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (internal quotations omitted).

If an allegation is capable of more than one inference, this Court must construe it in the plaintiff's favor. *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995) (citing *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993)). This Court may not grant a Rule 12(b)(6) motion merely because it may not believe the plaintiff's factual allegations. *Id*. Although this is a liberal standard of review, the plaintiff still must do more than merely assert bare legal conclusions. *Id*. Specifically, the complaint must contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc*., 859 F.2d 434, 436 (6th Cir. 1988) (quotations and emphasis omitted).

### III.  Analysis

The Federal Credit Union Act ("Act") establishes that the NCUA Board has "[r]ulemaking authority relating to determination of claims," whenever the NCUA Board is acting as the liquidating agent on behalf of a "closed credit union." 12 U.S.C. § 1787(b)(3)(B), (b)(4). The administrative claims procedure is initiated upon the liquidating agent fulfilling its notice and mailing requirements as detailed in § 1787(b)(3)(B) which provides:

> The liquidating agent, in any case involving the liquidation or winding up of the affairs of a closed credit union, shall--
>
> (i)promptly publish a notice to the credit union's creditors to present their claims, together with proof, to the liquidating agent by a date specified in the notice which shall be not less than 90 days after the publication of such notice[.]

If the NCUA Board denies a claim, then the claimant may either request an administrative hearing with the NCUA Board to obtain review of the final decision under the Administrative Procedure

3

Act or the claimant may bring suit to the district court. *Id*. § 1787(b)(6)(A)(i)-(ii). If the claimant pursues neither path within 60 days of the denial of the claim, then the claim is deemed disallowed by the NCUA Board and the claimant "shall have no further rights or remedies with respect to such claim." *Id*. § 1787(b)(6)(B).

Herein, the NCUA Board contends that Zai failed to utilize the administrative process and therefore the complaint should be dismissed for failure to exhaust. "Where Congress specifically mandates, exhaustion is required." *Coit Independence Joint Venture v. FSLIC*, 489 U.S. 561, 579 (1989). "While in the past we have referred to compliance with the FIRREA process as a strict jurisdictional prerequisite, … the proper characterization of FIRREA's rules for claims submission as claims processing rules." *Campbell v. F.D.I.C.*, 676 F.3d 615, 618 (7th Cir. 2012) (alterations and citations omitted).

Zai has unquestionably failed to properly exhaust her administrative remedies pursuant to the NCUA Board's procedures in order to meet the threshold for review of the merits by this court. The current dispute is in regard to the "winding up of the affairs of a closed credit union," with the NCUA Board acting in its capacity as the liquidating agent of the St. Paul Croatian Federal Credit Union. 12 U.S.C. § 1787 (b)(3)(B). The claims process begins when the NCUA Board sends its notice of the administrative proceedings to the creditor. *Id*. By failing to respond to the notice sent to them by the NCUA Board on October 26, 2023, within 90 days, Zai's claims are subsequently disallowed without further right or remedy under 12 U.S.C. § 1787(b)(6)(B).

Zai raises several arguments seeking to avoid this result. First, Zai contends that because this Court retained jurisdiction when it approved the agreement that the administrative process is simply inapplicable to her claims. However, such a retention of jurisdiction cannot operate to

4

bypass a process mandated by Congress, and Zai has provided no authority that would allow such a result.[2]

Zai also appears to contend that pursuing the administrative claims proceedings would have been futile. Zai asserts futility on the basis that the "claim arose long after the administrative claims window closed." (Pls. Opp'n. to Def's. Mot. to Dismiss. 10). This is factually incorrect, as the administrative claims window closed not in 2010, as Zai asserts, but 90 days after the notice was sent to Zai on October 26, 2023. In other words, the NCUA created a 90-day window for Zai to administratively pursue their claims upon notice of the assertion that a potential claim existed.

Zai similarly asserts that the motion to dismiss should be denied on the basis that enforcing the exhaustion requirements of the Act would result in an unconstitutional deprivation of her due process rights where she is "never given a reasonable opportunity to submit an action seeking a right to payment to the administrative claims procedure (and the concomitant right to judicial review)." (Pls. Opp'n. to Def's. Mot. to Dismiss. 13). This assertion is contradicted by the 90-day window that Zai had to bring a claim, which started after the notice letter was sent to her on October 26, 2023. Additionally, she had the right to judicial review if any claim she brought had been subsequently denied by the NCUA Board under 12 U.S.C. § 1787(b)(6)(A)(i)-(ii). Accordingly, no process violation has occurred.

Finally, Zai contends that Plaintiffs were "not required to avail themselves of a claims process that did not exist [at the time of the complaint]. Doc. 22 at 2. In other words, Zai contends that because this suit was initiated on October 13, 2023, no administrative process existed to pursue.

---

[2] Under similar circumstances, the Eastern District of Louisiana found that seeking to enforce a settlement agreement through specific performance did not place the claim outside FIRREA's exhaustion requirements. *See White Kitchen Square, Ltd. v. R.T.C.,* No. CIV. A. 91-4651, 1992 WL 167029, at *2 (E.D. La. June 30, 1992).

The Court finds no merit in this contention. The record makes clear that upon learning that a *potential* claim existed, the NCUA initiated its statutorily-mandated administrative proceedings. The NCUA Board is not required to be omniscient and predict a potential claim more than a decade after it liquidated St. Paul Croatian Federal Credit Union. As the 90-day window was properly opened upon learning of a potential claim, Plaintiffs were statutorily required to utilize that process *prior* to any review by this Court. They failed to do so.

## IV. Conclusion

Based upon the above, the NCUA Board's motion to dismiss is GRANTED. This matter is hereby DISMISSED.

IT IS SO ORDERED.


DATED: September 24, 2024              /s/ *John R. Adams*
                                       JOHN R. ADAMS
                                       UNITED STATES DISTRICT JUDGE