UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Tina Zai, et al., | ) | CASE NO. 1:23CV2006 |
| | ) | |
| Plaintiffs, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| -vs- | ) | |
| | ) | |
| National Credit Union Admin. Board, | ) | ORDER |
| | ) | |
| | ) | |
| Defendants. | ) | |

On May 13, 2026, the Court conducted a status conference and ordered Plaintiffs to provide certain documents for an *in camera* review to determine the validity of certain claims of privilege.  In response, Plaintiffs provided nine documents for the Court to review.  Having reviewed those documents, the Court concludes as follows.

Document 1 (ZAI6478-6482), Document 2 (ZAI6483-6531), Document 4 (ZAI6539-6682), Document 5 (ZAI6683-6698), Document 6 (ZAI5750-5762), Document 7 (ZAI6699-6701), and Document 9 (ZAI6714-6730) are all properly withheld as work product privilege. Document 3 (ZAI5981-5985) and Document 8 (ZAI 6707-6713) are email strings involving Adnan Zai that Plaintiffs withheld pursuant to a claim of attorney-client privilege.  These documents, however, are subject to disclosure.

First, Document 3 includes within it emails between Adnan Zai, his probation officer, and counsel for the NCUA. Even if the Court were inclined to believe that a singular portion in which Adnan Zai forwards the string to his counsel and offers his thoughts *could* be privileged. Adnan Zai is not a party to these proceedings. Moreover, given that this document is now in the hands of a third party, Tina Zai and/or her counsel, any claim of privilege has been waived. For the same reasons, disclosure to a third party, any claim of privilege related to Document 8 has also been waived.

Accordingly, Documents 3 and 8 shall be provided forthwith to counsel for Defendant. Given the Court's resolution, Defendant's request for inspection (Doc. 62) is DENIED AS MOOT. Plaintiff's motion to extend discovery (Doc. 71) is DENIED for the reasons stated during the status conference. Defendant is granted leave to file a motion for summary judgment by no later than 30 days after receipt of the above documents. Given the extensive history of the litigation leading to the current suit, the motion may extend to 30 pages. Plaintiff is granted leave to amend her recently filed motion, if she deems it necessary, to also extend to 30 pages.

IT IS SO ORDERED.

Dated: June 24, 2026                                    */s/ John R. Adams*
                                                        JOHN R. ADAMS
                                                        UNITED STATES DISTRICT JUDGE